SILVER, HADDEN & SILVER
STEPHEN H. SILVER, SBN 38241
ELIZABETH SILVER TOURGEMAN, SBN 193114
1428 SECOND STREET
SANTA MONICA, CA 90401
Telephone: (310) 393-1486
Facsimile: (310) 395-5801

GOYETTE & ASSOCIATES
PAUL Q. GOYETTE, SBN 137250
GARY G. GOYETTE, SBN 224715
11344 COLOMA ROAD, SUITE 145
GOLD RIVER, CA 95670
Telephone: (916) 851-1900
Facsimile: (916) 851-1995

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### (Western Division)

| | |
|---|---|
| THE LOS ANGELES POLICE PROTECTIVE LEAGUE ("LAPPL"), DAVID NUNEZ, GEORGE MEJIA, DAVE McDOWELL, HUMBERTO TOVAR, JOSEPH ALBA, and ROBERT BROGELMAN on behalf of themselves individually and all others similarly situated, | COLLECTIVE ACTION |
| | CASE NO. CV. 06 6390 ABC (MANx) |
| | **COMPLAINT FOR:** |
| Plaintiffs, | (1)  UNPAID OVERTIME COMPENSATION (29 U.S.C. §§ 201 et seq.) |
| v. | |
| THE CITY OF LOS ANGELES, and DOES 1 - 50, inclusive, | (2)  LIQUIDATED DAMAGES AND INTEREST (29 U.S.C. § 216) |
| Defendants. | (3)  REASONABLE ATTORNEYS FEES AND COSTS (29 U.S.C. § 216) |
| | (4)  DECLARATORY and INJUNCTIVE RELIEF |
| | **DEMAND FOR JURY TRIAL** |

Page -1-



DOCKETED ON CM

OCT 16 2006

BY _____ 019

# I. **INTRODUCTION**

1.      This is a "opt-in" collective action pursuant to 29 U.S.C. §216(b) seeking unpaid compensation (both regular rate pay and overtime pay) and interest thereon, liquidated damages, declaratory relief injunctive relief, and reasonable attorneys fees and costs brought by named Plaintiffs the Los Angeles Police Protective League ("LAPPL"), David Nunez, George Mejia, Dave McDowell, Humberto Tovar, Joseph Alba and Robert Brogelman on behalf of themselves individually and on behalf of all other City of Los Angeles Police Department employees who are similarly situated. For at least three years prior to the filing of this lawsuit, Defendant, City of Los Angeles has violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., by failing to provide overtime compensation or any other compensation to employees of its police department who are required to wear special protective gear and/or are required to prepare special protective gear for the time incurred on a daily basis by such employees donning and preparing special protective gear prior to the start of their paid work shift, and for the time incurred by such employees doffing special protective gear and/or otherwise preparing special protective gear following the end of their paid work shift.  This time is compensable under the FLSA, yet the City of Los Angeles has failed to provide any compensation for such time incurred by its police department employees.  Plaintiffs seek proper compensation for all such time incurred, as well as liquidated damages equal to such improperly withheld compensation, as allowed under the FLSA, and interest on such damages. Plaintiffs also seek declaratory and injunctive relief such that the Court will declare the City has violated the FLSA regarding failing to provide compensation to Plaintiffs and similarly situated employees for time involved with required special protective gear, and ordering the City to cease such violations by providing compensation for this time from this point forward. Finally, Plaintiffs seek reasonable attorneys fees and costs as part of this collective action.

//

//

Collective Action Complaint                        Page -2-

## II. PARTIES

2.    The individuals named as Plaintiffs, David Nunez, George Mejia, Dave McDowell, Humberto Tovar, Joseph Alba, and Robert Brogelman, at all times pertinent to this action were employed by Defendant City of Los Angeles and still are employed by Defendant City of Los Angeles.  These named Plaintiffs are acting as representatives for all similarly situated past and present employees of Defendant City of Los Angeles, and have consented to do so, and to "opt-in" to this FLSA collective action, as required by 29 U.S.C. § 216(b),  as shown by their written, signed consents which are incorporated hereto and are attached as **Exhibit "A"** to this complaint, to be filed with the Court along with this Complaint.

3.    Defendant City of Los Angeles, ("City" or "Defendant City") is, and at all times mentioned herein was, a local government subdivision of the State of California, governed by the Meyers-Milias-Brown Act ("MMBA") as a public agency as defined at CA Gov. Code § 3501(c). The City is duly organized, validly existing, and administered under the laws of the State of California.

4.    At all times herein mentioned each of DOES 1 through 50, inclusive, was the agent, servant, and/or employee of Defendant City, and in doing the things herein alleged was acting in the scope of his or her authority as such agent, servant, and/or employee, and with the permission and consent of Defendant City.

5.    The true names and capacities, whether individual, associate or otherwise, of Defendants DOES 1 through 50, are unknown to Plaintiffs who therefore sue said Defendants by such fictitious names, and Plaintiff will amend this Complaint to show their true names and capacities when the same have been ascertained.  Plaintiffs are informed and believe and thereon allege that each of the Defendants, DOES 1 through 50, inclusive, are responsible in negligence, warranty, strictly, or otherwise, for the events and happenings herein referred to and proximately thereby caused and continue to cause the violation of the rights of the Plaintiffs as herein alleged.

1

### III. JURISDICITON

2   6.   Plaintiffs incorporate by reference and re-allege paragraphs 1 through 5 as though

3   fully set forth herein.

4   7.   Plaintiffs in this FLSA collective action bring causes of action limited to alleged

5   violations by the City of the FLSA for compensation pursuant to 29 U.S.C. §§ 201 et seq., for

6   liquidated damages, interest, attorneys fees and costs pursuant to 29 U.S.C. §§ 216, and for

7   damages associated with intentional conduct pursuant to 29 U.S.C. § 255.  Since the causes of

8   action are based only on Federal statutes, jurisdiction in Central District Federal Court is proper

9   pursuant to 28 U.S.C. § 1331.

10

### IV. VENUE

11   8.   Plaintiffs incorporate by reference and re-allege paragraphs 1 through 7 as though

12   fully set forth herein.

13   9.   Venue for this FLSA collective action in the Central District of California Federal

14   Court is proper pursuant to 28 U.S.C. §1391(b) since Defendant City resides within this Central

15   District and since the majority of events giving rise to the claims in this complaint, namely the

16   City's Police Department employees working without being provided compensation for time

17   incurred involving special protective gear, occurred and continue occur within the Central

18   District Court's judicial district.

19

20

### V. FACTUAL ALLEGATIONS

21   10.   Plaintiffs incorporate by reference and re-allege paragraphs 1 through 9 as though

22   fully set forth herein.

23   11.   All the named Plaintiffs have worked for the City, and continue to work for the

24   City during some portion of the time period pertinent to this action, including the period from

25   October 6, 2003, to October 6, 2006, going forward.

26   12.   During at least the three (3) years prior to the filing of this action, and continuing

27

28   Collective Action Complaint                Page -4-

to the present time, Defendant City has routinely required Plaintiffs and all similarly situated employees to incur time both prior to and following designated times for paid work shifts during which special protective gear required for their work with the City's Police Department had to be donned, doffed, prepared, or otherwise cared for, but for which the City provided no compensation.

13.     The time incurred by named Plaintiffs and all similarly situated employees involving special protective gear has occurred and continues to occur on a regular basis; specifically, named Plaintiffs and all similarly situated employees incur time involving special protective gear on each and every day they perform work for the City's Police Department.

14.     The time spent by named Plaintiffs and all similar situated employees involving special protective gear on a regular basis includes, but is not limited to, the following:

a.     The donning, doffing, washing, and otherwise caring for bullet proof vests (soft body armor);

b.     The donning, doffing, preparation of, and otherwise caring for gear/utility belts and associated components worn on such belts, including Department issued handguns, batons, mace, handgun ammunition, and other equipment;

c.     The donning, doffing, washing or shining, and otherwise caring for police uniforms and badges, protective footwear and other gear to facilitate proper identification as representatives of the City's Police Department;

d.     The stocking, preparation of, and other care of First Responder's Kits, which include gas masks, chemical suits, and other protective equipment, required to be carried and/or used on the job;

e.     The checking, preparation of, and otherwise care of Ballistic Helmets;

f.     The preparation of and care for associated other special protective gear required for work with the City's Police Department.

Collective Action Complaint                          Page -5-

15.      The named Plaintiffs and all similarly situated employees are required by Defendant City to prepare and use the special protective gear listed in Paragraph No. 14 of this Complaint for their work with the City's Police Department.

16.      The named Plaintiffs and all similarly situated employees are required to don, doff, prepare, care for, or otherwise incur time associated with the special protective gear required for their work with the City's Police Department both prior to, and following designated paid shift times; named Plaintiffs and all similarly situated employees are not provided any compensation by the City for such time spent with special protective gear required for the work performed for the City's Police Department.

17.      The time incurred by each named Plaintiff and each similarly situated employee on a daily basis for each day during which work is performed for the City's Police Department involving donning, doffing, preparation of, or otherwise caring for special protective gear required for the work performed by the City's Police Department averages between 30 and 60 minutes per named Plaintiff or similarly situated employee per day, for which the City provides no compensation to any of the named Plaintiffs or to any similarly situated employee.

18.      At all times pertinent to this action, Defendant City has intentionally chosen not to provide any compensation to named Plaintiffs or to all similarly situated employees for time spent associated with special protective gear both prior to and following designated paid shift times, despite the fact that the City requires all such time to be incurred by the named Plaintiffs and all similarly situated employees; accordingly a three year statute of limitations and recovery period applies to this collective action, pursuant to 29 U.S.C. §255.

19.      At all times pertinent to this action, Defendant City knowingly chose not to provide any compensation to named Plaintiffs and all similarly situated employees of the City's Police Department for all time spent both prior to and following designated paid work shifts during which named Plaintiffs and similarly situated employees had to don, doff, prepare, or otherwise care for special protective gear required by the City for the work performed for the

Collective Action Complaint             Page -6-

1  City's Police Department; the City has failed to provide any compensation for all such time
2  involving special protective gear despite the fact that all such time spent donning, doffing,
3  preparing, or otherwise caring for such special protective gear is required by the City for
4  Plaintiffs and all similarly situated employees who work for the City's Police Department.
5  Accordingly, the City cannot show any good faith belief that compensation should not have been
6  provided for such time, and therefore the City, owes liquidated damages pursuant to 29 U.S.C.
7  §216 and U.S.C. §260 in an amount equal to all other compensation owed to Plaintiffs and all
8  similarly situated employees for all time spent involving special protective gear.

9                        VI.  **COLLECTIVE ACTION ALLEGATIONS**

10     20.    Plaintiffs incorporate by reference and re-allege paragraphs 1 through 19, as though
11  fully set forth herein.

12     21.    The named Plaintiffs bring this action individually on their own behalf, and
13  collectively on behalf of all other past and present employees of the City's Police Department
14  who are similarly situated, as allowed by 29 U.S.C. §216; the class of past and present employees
15  of the City's Police Department who are similarly situated to the named Plaintiffs includes all
16  past and present employees of the City's Police Department, who have worked for the City
17  within the time period pertinent to this action, and who have incurred any time, either prior to or
18  following designated paid work shift times, donning, doffing, preparing, or otherwise caring for
19  any special protective gear required by the City for work performed for the City's Police
20  Department, for which the city provided no compensation.

21     22.    The named Plaintiffs are similarly situated to all individuals in the class just
22  described for this "opt-in" collective action because, like all individuals in the "opt-in" class,
23  each named Plaintiff incurs time on a regular basis, both prior to and following designated paid
24  shift times, during which they must don, doff, prepare for, or otherwise care for special protective
25  gear required by the City for their work for the City's Police Department, but for which they are
26  provided no compensation by the City.

27

28  Collective Action Complaint                    Page -7-

## VII. FIRST CAUSE OF ACTION

### (Violation of the FLSA, 29 U.S.C. §§ 201 et seq.)

23.     Plaintiffs incorporate by reference and re-allege paragraphs 1 through 22 as though fully set forth herein.

24.     Based on the factual allegations stated, Defendant City has violated the Fair Labor Standards Act (29 U.S.C. §§ 201 et seq.), by failing to provide any compensation to named Plaintiffs and to all similarly situated employees for at least the past three years and continuing presently for time incurred both prior to and following designated paid shift times during which the named Plaintiffs and all similarly situated employees don, doff, prepare, or otherwise care for special protective gear required by the City for the work performed for the City's Police Department.

25.     The City's failure to provide compensation for time incurred by Plaintiffs and similarly situated employees involving special protective gear violates the FLSA generally since such time is compensable, and violates the specific overtime pay provisions of the FLSA at 29 U.S.C. §207 since some, if not all of the time incurred by named Plaintiffs and similarly situated employees involving special protective gear qualifies as overtime pay.

26.     The City's failure to provide compensation to named Plaintiffs and all similarly situated employees for time incurred involving special protective gear was willful within the meaning of 29 U.S.C. §255; accordingly, the City is liable for compensation for time involving special protective gear for at least three years prior to the filing of this complaint.

## VIII.   SECOND CAUSE OF ACTION

### (Declaratory Relief)

27.     Plaintiffs incorporate by reference and reallege paragraphs 1 through 26 as though fully set forth in herein.

28.     An actual controversy has arisen and now exists between Plaintiffs and Defendants

Collective Action Complaint                     Page -8-

1  concerning: the improper failure by Defendant City to provide compensation (regular pay and/or

2  overtime pay) for all time incurred both prior to and following designated paid shifts by Plaintiffs

3  and all similarly situated employees of Defendant's police Department while donning, doffing,

4  preparing, or otherwise caring for special protective gear required by the City for work performed

5  for the police Department.

6       29.    Plaintiffs desire a judicial determination that regular pay and/or overtime pay at

7  one and one half (1.5) times the regular rate of pay for Plaintiffs and similarly situated employees

8  of Defendant's police Department must be provided by the City for all time spent doffing,

9  preparing, or otherwise caring for special protective gear required by the City for work performed

10  for the police Department, and that overtime pay is due for this time for all hours involving

11  special protective gear incurred outside designated paid shift times and above 171 hours per each

12  28 day work period per each employee of the City's police Department.

13       30.    The judicial declaration is necessary and appropriate at this time under the

14  circumstances in order to allow Plaintiffs and all similarly situated employees of the City's police

15  Department to recover proper compensation for all time spent doffing, preparing, or otherwise

16  caring for special protective gear required by the City for work performed for the police

17  Department in the past during the time period pertinent to this action and to ensure proper

18  compensation for such time incurred in the future.

19

20                  **IX.  THIRD CAUSE OF ACTION**

21                        **(Injunctive Relief)**

22       31.    Plaintiffs incorporate by reference and reallege paragraphs 1 through 30 as though

23  fully set forth herein.

24       32.    Defendants, by their actions, have displayed their intent to continue causing

25  irreparable harm to Plaintiffs and similarly situated employees who presently work for

26  Defendants.  This harm  includes but is not limited to the following: having to incur time both

27

28    Collective Action Complaint                 Page -9-

1  prior to and following designated paid shifts spent donning, doffing, preparing, or otherwise
2  caring for special protective gear required by the City for work performed for the police
3  Department without receiving any compensation for such time, even though such time is
4  compensable under applicable federal law.

5        33.      Plaintiffs have no adequate remedy at law for the harm that will be suffered due to
6  their ongoing employment with Defendants, will continue to suffer irreparable harm, and may be
7  required to initiate a multiplicity of lawsuits to protect their right to receive proper compensation
8  for all time incurred both prior to and following designated paid shifts spent donning, doffing,
9  preparing, or otherwise caring for special protective gear required by the City for work performed
10  for the police Department .

11

12                           **X. PRAYER FOR RELIEF**

13

14  WHEREFORE, Plaintiffs pray that this Court enter an Order in favor of Plaintiffs and against
15  Defendants awarding Plaintiffs relief as follows:

16        1.      For a determination that the Causes of Action under 29 U.S.C. §§201 et seq., may
17                be maintained as an "opt-in" collective action under 29 U.S.C. §216(b) as to the
18                unnamed, but similarly situated employees of Defendant City's Police
19                Department;

20        2.      For declaratory relief in the form of a determination made by the Court that the
21                City has violated and continues to violate 29 U.S.C. §§201 et seq., by failing to
22                provide compensation for time incurred both prior to and following designated
23                paid work shifts by Plaintiffs and similarly situated employees spent donning,
24                doffing, preparing or otherwise caring for special protective gear required by the
25                City for work performed in the City's Police Department;

26        3.      For injunctive relief in the form of an order by the Court that, based on the City's

27

28  Collective Action Complaint                      Page -10-

1    violation of 29 U.S.C. §§ 201 et seq., regarding the failure to provide any

2    compensation for time incurred by Plaintiffs and similarly situated employees

3    spent donning, doffing, preparing, or otherwise caring for special protective gear

4    required by the City for work performed in the City's Police Department, the City

5    is prohibited from continuing to fail to provide compensation for such time

6    incurred by Plaintiffs and all similarly situated employees, and therefore must

7    provide proper compensation, either regular rate pay or overtime pay as

8    applicable, for all future work performed by the Plaintiffs and all similarly

9    situated employees.

10   4.   For unpaid regular rate compensation to named Plaintiffs and all similarly situated

11        employees of Defendant City's Police Department during the time period

12        pertinent to this action for all time spent donning, doffing, preparing, or otherwise

13        caring for special protective gear required for work performed for the City's

14        Police Department when such time is *not* defined as overtime pay in the

15        Memorandum of Understanding (MOU) between the City and LAPPL or when

16        such time is *not* above the trigger for overtime pay for each named Plaintiff or

17        similarly situated employee for any given 28-day work period, as set forth at 29

18        U.S.C. §207(k);

19   5.   For unpaid overtime pay compensation to named Plaintiffs and all similarly

20        situated employees of Defendant City's Police Department during the time period

21        pertinent to this action for all time spent donning, doffing, preparing, or otherwise

22        caring for special protective gear required for work performed for the City's

23        Police Department when such time *is* defined as overtime pay in the operative

24        MOU between the City and LAPPL, or when such time *is* above the trigger for

25        overtime pay for each named Plaintiff or similarly situated employee for any given

26        28-day work period, as set forth at 29 U.S.C. §207(k);

27

28   Collective Action Complaint                    Page -11-

1    6.    For additional liquidated damages, as authorized and quantified by 29 U.S.C.

2          §216(b) equal to all damages under items Nos. 4 and 5 in this Prayer for Relief;

3    7.    For pre-judgment interest at the prevailing legal rate;

4    8.    For reasonable attorneys' costs and costs, pursuant to 29 U.S.C. §216(b);

5    9..   For such other and further relief at the Court may deem proper.

6

7                              ____

8                    **DEMAND FOR JURY TRIAL**

9    Plaintiffs, individually and on behalf of all others similarly situated, hereby demand trial of their

10   claims by jury to the extent authorized by law.

11

12   Dated: October 5, 2006

13                              GARY G. GOYETTE,
                                Attorney for Plaintiffs
14                              Goyette & Associates, Inc.
                                11344 Coloma Road, Suite 145
15                              Gold River, CA 95670

16

17

18

19

20

21

22

23

24

25

26

27

28   Collective Action Complaint              Page -12-

**EXHIBIT A**

1  SILVER, HADDEN & SILVER
   STEPHEN H. SILVER, SBN 38241
2  ELIZABETH SILVER TOURGEMAN, SBN 193114
   1428 SECOND STREET
3  SANTA MONICA, CA 90401
   Telephone: (310) 393-1486
4  Facsimile: (310) 395-5801

5  GOYETTE & ASSOCIATES
   PAUL Q. GOYETTE, SBN 137250
6  GARY G. GOYETTE, SBN 224715
   11344 COLOMA ROAD, SUITE 145
7  GOLD RIVER, CA 95670
   Telephone: (916) 851-1900
8  Facsimile: (916) 851-1995

9  Attorneys for Plaintiffs

10              UNITED STATES DISTRICT COURT

11            CENTRAL  DISTRICT OF CALIFORNIA

12                   (Western Division)

13  THE LOS ANGELES POLICE              COLLECTIVE ACTION
    PROTECTIVE LEAGUE ("LAPPL"),
14  DAVID NUNEZ, GEORGE MEJIA, DAVE     CASE NO:
    McDOWELL, HUMBERTO TOVAR,
15  JOSEPH ALBA, and ROBERT             CONSENT TO ACT AS NAMED
    BROGELMAN,                          PLAINTIFF AND TO OPT-IN TO THE
16  on behalf of themselves individually and all   COLLECTIVE ACTION
    others similarly situated,
17
            Plaintiffs,
18
19  v.

    THE CITY OF LOS ANGELES,
20
            Defendant.
21  _____/

22
        I, David Nunez, hereby consent to act as a named Plaintiff in the collective action by the
23
    Los Angeles Police Protective League ("LAPPL") and by other named Plaintiffs against the City
24
    of Los Angeles alleging violations by the City of the Fair Labor Standards Act ("FLSA") due to
25
    the City failing to provide compensation for time incurred in donning, doffing, and otherwise
26
    preparing special protective gear required for work with the Los Angeles Police Department.
27
28  Consent to Act As Named Plaintiff              1

This consent is being provided pursuant to the requirements set forth by 29 U.S.C. § 216(b).

I, David Nunez, also hereby consent to opt-in to the collective action by the Los Angeles Police Protective League ("LAPPL") and by other named Plaintiffs against the City of Los Angeles alleging violations by the City of the Fair Labor Standards Act ("FLSA") due to the City failing to provide compensation for time incurred in donning, doffing, and otherwise preparing special protective gear required for work with the Los Angeles Police Department. This consent is being provided pursuant to the requirements set forth by 29 U.S.C. § 216(b).

Dated: _____, 2006                          _____

                                                            David Nunez

Consent to Act As Named Plaintiff                    2

1    This consent is being provided pursuant to the requirements set forth by 29 U.S.C. § 216(b).

2         I, David Nunez, also hereby consent to opt-in to the collective action by the Los Angeles

3    Police Protective League ("LAPPL") and by other named Plaintiffs against the City of Los

4    Angeles alleging violations by the City of the Fair Labor Standards Act ("FLSA") due to the City

5    failing to provide compensation for time incurred in donning, doffing, and otherwise preparing

6    special protective gear required for work with the Los Angeles Police Department. This consent

7    is being provided pursuant to the requirements set forth by 29 U.S.C. § 216(b).

8

9

10   Dated: 10/2/, 2006

                                          David Nunez

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   Consent to Act As Named Plaintiff                    2

1 | SILVER, HADDEN & SILVER
STEPHEN H. SILVER, SBN 38241
2 | ELIZABETH SILVER TOURGEMAN, SBN 193114
1428 SECOND STREET
3 | SANTA MONICA, CA 90401
Telephone: (310) 393-1486
4 | Facsimile: (310) 395-5801

5 | GOYETTE & ASSOCIATES
PAUL Q. GOYETTE, SBN 137250
6 | GARY G. GOYETTE, SBN 224715
11344 COLOMA ROAD, SUITE 145
7 | GOLD RIVER, CA 95670
Telephone: (916) 851-1900
8 | Facsimile: (916) 851-1995

9 | Attorneys for Plaintiffs

10 |                    UNITED STATES DISTRICT COURT

11 |                 CENTRAL  DISTRICT OF CALIFORNIA

12 |                          (Western Division)

13 | THE LOS ANGELES POLICE               COLLECTIVE ACTION
PROTECTIVE LEAGUE ("LAPPL"),
14 | DAVID NUNEZ, GEORGE MEJIA, DAVE      CASE NO:
McDOWELL, HUMBERTO TOVAR,
15 | JOSEPH ALBA, and ROBERT              CONSENT TO ACT AS NAMED
BROGELMAN,                            PLAINTIFF AND TO OPT-IN TO THE
16 | on behalf of themselves individually and all   COLLECTIVE ACTION
others similarly situated,
17 |
                Plaintiffs,
18 |
v.
19 |
THE CITY OF LOS ANGELES,
20 |
                Defendant.
21 | _____/

22 |        I, George Mejia, hereby consent to act as a named Plaintiff in the collective action by the

23 | Los Angeles Police Protective League ("LAPPL") and by other named Plaintiffs against the City

24 | of Los Angeles alleging violations by the City of the Fair Labor Standards Act ("FLSA") due to

25 | the City failing to provide compensation for time incurred in donning, doffing, and otherwise

26 | preparing special protective gear required for work with the Los Angeles Police Department.

27 |

28 | Consent to Act As Named Plaintiff                    1

1   This consent is being provided pursuant to the requirements set forth by 29 U.S.C. § 216(b).

2        I, George Mejia, also hereby consent to opt-in to the collective action by the Los Angeles

3   Police Protective League ("LAPPL") and by other named Plaintiffs against the City of Los

4   Angeles alleging violations by the City of the Fair Labor Standards Act ("FLSA") due to the City

5   failing to provide compensation for time incurred in donning, doffing, and otherwise preparing

6   special protective gear required for work with the Los Angeles Police Department.  This consent

7   is being provided pursuant to the requirements set forth by 29 U.S.C. § 216(b).

8

9

10   Dated: _____, 2006                    _____

11                                              George Mejia

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   Consent to Act As Named Plaintiff                    2

1    This consent is being provided pursuant to the requirements set forth by 29 U.S.C. § 216(b).

2         I, George Mejia, also hereby consent to opt-in to the collective action by the Los Angeles

3    Police Protective League ("LAPPL") and by other named Plaintiffs against the City of Los

4    Angeles alleging violations by the City of the Fair Labor Standards Act ("FLSA") due to the City

5    failing to provide compensation for time incurred in donning, doffing, and otherwise preparing

6    special protective gear required for work with the Los Angeles Police Department. This consent

7    is being provided pursuant to the requirements set forth by 29 U.S.C. § 216(b).

8

9

10   Dated: 10-4-, 2006

11                                                            George Mejia

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   Consent to Act As Named Plaintiff                    2

1  SILVER, HADDEN & SILVER
   STEPHEN H. SILVER, SBN 38241
2  ELIZABETH SILVER TOURGEMAN, SBN 193114
   1428 SECOND STREET
3  SANTA MONICA, CA 90401
   Telephone: (310) 393-1486
4  Facsimile: (310) 395-5801

5  GOYETTE & ASSOCIATES
   PAUL Q. GOYETTE, SBN 137250
6  GARY G. GOYETTE, SBN 224715
   11344 COLOMA ROAD, SUITE 145
7  GOLD RIVER, CA 95670
   Telephone: (916) 851-1900
8  Facsimile: (916) 851-1995

9  Attorneys for Plaintiffs

10                      UNITED STATES DISTRICT COURT

11                     CENTRAL  DISTRICT OF CALIFORNIA

12                            (Western Division)

13  THE LOS ANGELES POLICE               COLLECTIVE ACTION
    PROTECTIVE LEAGUE ("LAPPL"),
14  DAVID NUNEZ, GEORGE MEJIA, DAVE      CASE NO:
    McDOWELL, HUMBERTO TOVAR,
15  JOSEPH ALBA, and ROBERT              CONSENT TO ACT AS NAMED
    BROGELMAN,                           PLAINTIFF AND TO OPT-IN TO THE
16  on behalf of themselves individually and all   COLLECTIVE ACTION
    others similarly situated,
17
                 Plaintiffs,
18
19  v.

20  THE CITY OF LOS ANGELES,

21               Defendant.
    _____/

22

23
         I, Dave McDowell, hereby consent to act as a named Plaintiff in the collective action by
24
    the Los Angeles Police Protective League ("LAPPL") and by other named Plaintiffs against the
25
    City of Los Angeles alleging violations by the City of the Fair Labor Standards Act ("FLSA")
26
    due to the City failing to provide compensation for time incurred in donning, doffing, and
27

28  Consent to Act As Named Plaintiff               1

otherwise preparing special protective gear required for work with the Los Angeles Police Department.  This consent is being provided pursuant to the requirements set forth by 29 U.S.C. § 216(b).

I, Dave McDowell, also hereby consent to opt-in to the collective action by the Los Angeles Police Protective League ("LAPPL") and by other named Plaintiffs against the City of Los Angeles alleging violations by the City of the Fair Labor Standards Act ("FLSA") due to the City failing to provide compensation for time incurred in donning, doffing, and otherwise preparing special protective gear required for work with the Los Angeles Police Department. This consent is being provided pursuant to the requirements set forth by 29 U.S.C. § 216(b).

Dated: _____, 2006                          _____

                                                Dave McDowell

Consent to Act As Named Plaintiff                          2

1   otherwise preparing special protective gear required for work with the Los Angeles Police

2   Department. This consent is being provided pursuant to the requirements set forth by 29 U.S.C.

3   § 216(b).

4        I, Dave McDowell, also hereby consent to opt-in to the collective action by the Los

5   Angeles Police Protective League ("LAPPL") and by other named Plaintiffs against the City of

6   Los Angeles alleging violations by the City of the Fair Labor Standards Act ("FLSA") due to the

7   City failing to provide compensation for time incurred in donning, doffing, and otherwise

8   preparing special protective gear required for work with the Los Angeles Police Department.

9   This consent is being provided pursuant to the requirements set forth by 29 U.S.C. § 216(b).

10

11   Dated: Sept 30 , 2006                           Dave McDowell

12                                                   Dave McDowell

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   Consent to Act As Named Plaintiff                2

1   SILVER, HADDEN & SILVER
    STEPHEN H. SILVER, SBN 38241
2   ELIZABETH SILVER TOURGEMAN, SBN 193114
    1428 SECOND STREET
3   SANTA MONICA, CA 90401
    Telephone: (310) 393-1486
4   Facsimile: (310) 395-5801

5   GOYETTE & ASSOCIATES
    PAUL Q. GOYETTE, SBN 137250
6   GARY G. GOYETTE, SBN 224715
    11344 COLOMA ROAD, SUITE 145
7   GOLD RIVER, CA 95670
    Telephone: (916) 851-1900
8   Facsimile: (916) 851-1995

9   Attorneys for Plaintiffs

10                  UNITED STATES DISTRICT COURT

11                 CENTRAL  DISTRICT OF CALIFORNIA

12                         (Western Division)

13  THE LOS ANGELES POLICE            COLLECTIVE ACTION
    PROTECTIVE LEAGUE ("LAPPL"),
14  DAVID NUNEZ, GEORGE MEJIA, DAVE   CASE NO:
    McDOWELL, HUMBERTO TOVAR,
15  JOSEPH ALBA, and ROBERT           CONSENT TO ACT AS NAMED
    BROGELMAN,                        PLAINTIFF AND TO OPT-IN TO THE
16  on behalf of themselves individually and all   COLLECTIVE ACTION
    others similarly situated,
17
            Plaintiffs,
18
    v.
19
    THE CITY OF LOS ANGELES,
20
            Defendant.
21  _____/

22

23
        I, Humberto Tovar, hereby consent to act as a named Plaintiff in the collective action by
24
    the Los Angeles Police Protective League ("LAPPL") and by other named Plaintiffs against the
25
    City of Los Angeles alleging violations by the City of the Fair Labor Standards Act ("FLSA")
26
    due to the City failing to provide compensation for time incurred in donning, doffing, and
27

28  Consent to Act As Named Plaintiff              1

1   otherwise preparing special protective gear required for work with the Los Angeles Police

2   Department. This consent is being provided pursuant to the requirements set forth by 29 U.S.C.

3   § 216(b).

4

5       I, Humberto Tovar, also hereby consent to opt-in to the collective action by the Los

6   Angeles Police Protective League ("LAPPL") and by other named Plaintiffs against the City of

7   Los Angeles alleging violations by the City of the Fair Labor Standards Act ("FLSA") due to the

8   City failing to provide compensation for time incurred in donning, doffing, and otherwise

9   preparing special protective gear required for work with the Los Angeles Police Department. .

10  This consent is being provided pursuant to the requirements set forth by 29 U.S.C. § 216(b).

11

12

13  Dated: _____, 2006                              _____

14                                                    Humberto Tovar

15

16

17

18

19

20

21

22

23

24

25

26

27

28  Consent to Act As Named Plaintiff                 2

1  otherwise preparing special protective gear required for work with the Los Angeles Police

2  Department. This consent is being provided pursuant to the requirements set forth by 29 U.S.C.

3  § 216(b).

4

5     I, Humberto Tovar, also hereby consent to opt-in to the collective action by the Los

6  Angeles Police Protective League ("LAPPL") and by other named Plaintiffs against the City of

7  Los Angeles alleging violations by the City of the Fair Labor Standards Act ("FLSA") due to the

8  City failing to provide compensation for time incurred in donning, doffing, and otherwise

9  preparing special protective gear required for work with the Los Angeles Police Department. .

10 This consent is being provided pursuant to the requirements set forth by 29 U.S.C. § 216(b).

11

12

13 Dated: 10-03-2006

14                                                        Humberto Tovar

15

16

17

18

19

20

21

22

23

24

25

26

27

28 Consent to Act As Named Plaintiff                    2

1 │ SILVER, HADDEN & SILVER
  │ STEPHEN H. SILVER, SBN 38241
2 │ ELIZABETH SILVER TOURGEMAN, SBN 193114
  │ 1428 SECOND STREET
3 │ SANTA MONICA, CA 90401
  │ Telephone: (310) 393-1486
4 │ Facsimile: (310) 395-5801

5 │ GOYETTE & ASSOCIATES
  │ PAUL Q. GOYETTE, SBN 137250
6 │ GARY G. GOYETTE, SBN 224715
  │ 11344 COLOMA ROAD, SUITE 145
7 │ GOLD RIVER, CA 95670
  │ Telephone: (916) 851-1900
8 │ Facsimile: (916) 851-1995

9 │ Attorneys for Plaintiffs

10 │ UNITED STATES DISTRICT COURT

11 │ CENTRAL  DISTRICT OF CALIFORNIA

12 │ (Western Division)

13 │ THE LOS ANGELES POLICE                COLLECTIVE ACTION
   │ PROTECTIVE LEAGUE ("LAPPL"),
14 │ DAVID NUNEZ, GEORGE MEJIA, DAVE       CASE NO:
   │ McDOWELL, HUMBERTO TOVAR,
15 │ JOSEPH ALBA, and ROBERT               CONSENT TO ACT AS NAMED
   │ BROGELMAN,                            PLAINTIFF AND TO OPT-IN TO THE
16 │ on behalf of themselves individually and all   COLLECTIVE ACTION
   │ others similarly situated,
17 │
   │              Plaintiffs,
18 │
   │ v.
19 │
   │ THE CITY OF LOS ANGELES,
20 │
   │              Defendant.
21 │ _____/

22 │

23 │
   │       I, Joseph Alba, hereby consent to act as a named Plaintiff in the collective action by the
24 │
   │ Los Angeles Police Protective League ("LAPPL") and by other named Plaintiffs against the City
25 │
   │ of Los Angeles alleging violations by the City of the Fair Labor Standards Act ("FLSA") due to
26 │
   │ the City failing to provide compensation for time incurred in donning, doffing, and otherwise
27 │

28 │ Consent to Act As Named Plaintiff                    1

1  preparing special protective gear required for work with the Los Angeles Police Department.

2  This consent is being provided pursuant to the requirements set forth by 29 U.S.C. § 216(b).

3       I, Joseph Alba, also hereby consent to opt-in to the collective action by the Los Angeles

4  Police Protective League ("LAPPL") and by other named Plaintiffs against the City of Los

5  Angeles alleging violations by the City of the Fair Labor Standards Act ("FLSA") due to the City

6  failing to provide compensation for time incurred in donning, doffing, and otherwise preparing

7  special protective gear required for work with the Los Angeles Police Department.  . This

8  consent is being provided pursuant to the requirements set forth by 29 U.S.C. § 216(b).

9

10

11  Dated: _____,2006                          _____

12                                                      Joseph Alba

28  Consent to Act As Named Plaintiff                          2

preparing special protective gear required for work with the Los Angeles Police Department. This consent is being provided pursuant to the requirements set forth by 29 U.S.C. § 216(b).

I, Joseph Alba, also hereby consent to opt-in to the collective action by the Los Angeles Police Protective League ("LAPPL") and by other named Plaintiffs against the City of Los Angeles alleging violations by the City of the Fair Labor Standards Act ("FLSA") due to the City failing to provide compensation for time incurred in donning, doffing, and otherwise preparing special protective gear required for work with the Los Angeles Police Department. . This consent is being provided pursuant to the requirements set forth by 29 U.S.C. § 216(b).

Dated: __OCT 2__ ,2006

_____
Joseph Alba

Consent to Act As Named Plaintiff                    2

1  SILVER, HADDEN & SILVER
   STEPHEN H. SILVER, SBN 38241
2  ELIZABETH SILVER TOURGEMAN, SBN 193114
   1428 SECOND STREET
3  SANTA MONICA, CA 90401
   Telephone: (310) 393-1486
4  Facsimile: (310) 395-5801

5  GOYETTE & ASSOCIATES
   PAUL Q. GOYETTE, SBN 137250
6  GARY G. GOYETTE, SBN 224715
   11344 COLOMA ROAD, SUITE 145
7  GOLD RIVER, CA 95670
   Telephone: (916) 851-1900
8  Facsimile: (916) 851-1995

9  Attorneys for Plaintiffs

10            UNITED STATES DISTRICT COURT

11           CENTRAL  DISTRICT OF CALIFORNIA

12                  (Western Division)

13  THE LOS ANGELES POLICE              COLLECTIVE ACTION
    PROTECTIVE LEAGUE ("LAPPL"),
14  DAVID NUNEZ, GEORGE MEJIA, DAVE     CASE NO:
    McDOWELL, HUMBERTO TOVAR,
15  JOSEPH ALBA, and ROBERT             CONSENT TO ACT AS NAMED
    BROGELMAN,                          PLAINTIFF AND TO OPT-IN TO THE
16  on behalf of themselves individually and all   COLLECTIVE ACTION
    others similarly situated,
17
              Plaintiffs,
18
    v.
19
    THE CITY OF LOS ANGELES,
20
              Defendant.
21  _____/

22

23
       I, Robert Brogelman, hereby consent to act as a named Plaintiff in the collective action by
24
    the Los Angeles Police Protective League ("LAPPL") and by other named Plaintiffs against the
25
    City of Los Angeles alleging violations by the City of the Fair Labor Standards Act ("FLSA")
26
    due to the City failing to provide compensation for time incurred in donning, doffing, and
27

28  Consent to Act As Named Plaintiff            1

1    otherwise preparing special protective gear required for work with the Los Angeles Police

2    Department.  This consent is being provided pursuant to the requirements set forth by 29 U.S.C.

3    § 216(b).

4         I, Robert Brogelman, also hereby consent to opt-in to the collective action by the Los

5    Angeles Police Protective League ("LAPPL") and by other named Plaintiffs against the City of

6    Los Angeles alleging violations by the City of the Fair Labor Standards Act ("FLSA") due to the

7    City failing to provide compensation for time incurred in donning, doffing, and otherwise

8    preparing special protective gear required for work with the Los Angeles Police Department. .

9    This consent is being provided pursuant to the requirements set forth by 29 U.S.C. § 216(b).

10

11

12   Dated: _____, 2006                      _____

13                                              Robert Brogelman

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   Consent to Act As Named Plaintiff              2

1   otherwise preparing special protective gear required for work with the Los Angeles Police
2   Department. This consent is being provided pursuant to the requirements set forth by 29 U.S.C.
3   § 216(b).
4       I, Robert Brogelman, also hereby consent to opt-in to the collective action by the Los
5   Angeles Police Protective League ("LAPPL") and by other named Plaintiffs against the City of
6   Los Angeles alleging violations by the City of the Fair Labor Standards Act ("FLSA") due to the
7   City failing to provide compensation for time incurred in donning, doffing, and otherwise
8   preparing special protective gear required for work with the Los Angeles Police Department. .
9   This consent is being provided pursuant to the requirements set forth by 29 U.S.C. § 216(b).

10
11
12   Dated: 9-29 , 2006                    _Robert Brogelman_
13                                         Robert Brogelman
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28   Consent to Act As Named Plaintiff              2