1 | Clifton W. Albright - CA Bar No. 100020
clifton.albright@ayslaw.com
2 | Lucien A. Schmit III - CA Bar No. 116151
lucien.schmit@ayslaw.com
3 | Anthony J. Bejarano - CA Bar No. 223345
anthony.bejarano@ayslaw.com
4 | **ALBRIGHT, YEE & SCHMIT, LLP**
888 West 6th Street, 14th Floor
5 | Los Angeles, California 90017
(213) 833-1700 - telephone
6 | (213) 833-1710 - fax

7 | Attorneys for Defendant
CITY OF LOS ANGELES

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| THE LOS ANGELES POLICE PROTECTIVE LEAGUE ("LAPPL"), et al., | CASE NO. CV 06-6390 VBF (MANx) |
|---|---|
| Plaintiffs, | **DEFENDANT CITY OF LOS ANGELES'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT** |
| vs. | |
| THE CITY OF LOS ANGELES, and DOES 1 through 50, inclusive, | Date:           October 18, 2010
Time:           1:30 p.m.
Courtroom:  9
Hon. Valerie Baker Fairbank |
| Defendants. | Discovery Cut-off:           6/30/09
Final Pre-Trial Conference: 2/14/11
Trial:                                3/01/11 |

819\06\MSJ-Notice.pld

1

**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant City of Los Angeles will move this Court for Summary Judgment or Partial Summary Judgment on October 18, 2010 at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom No. 9 of the United Stated District Courthouse located at 312 North Spring Street, Los Angeles, California 90012.

Pursuant to the Court's Minute Order of July 19, 2010 (Document 322), Plaintiffs' opposing papers shall be due within 21 days of the filing of this motion (*i.e.*, by **September 10, 2010** if Defendant's moving papers are filed on August 19), and Defendant's reply papers shall be due 14 days after service of Plaintiffs' opposing papers.

Defendant seeks summary judgment on the grounds that the uncontroverted facts establish that Defendant is entitled to judgment on each of Plaintiffs' three claims, and this case as a whole, as a matter of law.

Alternatively, Defendant seeks partial summary judgment establishing the following issues (including reference to pertinent proposed Uncontroverted Facts ("UF")):

Issue No. 1:   Plaintiffs' time spent on pre-shift and post-shift uniform donning & doffing is not compensable (Supported by UF 1-36);

Issue No. 2:   Plaintiffs' pre-shift and post-shift time spent on tasks associated with uniform donning & doffing is not compensable (Supported by UF 1-36);

Issue No. 3:   Plaintiffs are not entitled to compensation for time spent cleaning or maintaining their uniform and equipment, which may be done professionally, and for which compensation is provided under the MOUs' bargained-for uniform, maintenance and equipment allowance (Supported by UF 37-39);

      Issue No. 4:      Plaintiffs' time spent on pre-shift and post-shift maintenance of the required contents of their War Bags is not compensable (Supported by UF 5–7, 40-49);

      Issue No. 5:      Disputed Activities involving cleaning, checking and oiling of service weapons are not compensable (Supported by UF 50-57);

      Issue No. 6:      To the extent that any of Plaintiffs' time spent on Disputed Activities is otherwise compensable, it is not enough to outweigh the applicable credits for premium pay under 29 U.S.C. §207(h), so that Plaintiffs cannot establish liability (Supported by UF 37, 58-66);

      Issue No. 7:      Based on the foregoing Issues 1 – 6, and the undisputed facts placed in evidence before the Court, Plaintiff's first claim for relief lacks merit as a matter of law (Supported by UF 1-66);

      Issue No. 8:      Since only the Department of Labor may seek injunctive relief in an action under the Fair Labor Standards Acts for violation of the overtime provisions of §207, Plaintiffs' third claim is without merit as a matter of law; and

      Issue No. 9:      Plaintiffs' second claim seeks declaratory relief, and provision of such relief is discretionary. Because this claim is duplicative of the relief sought in the first claim, and does not further the core purposes of declaratory relief, the Court should exercise its discretion to dismiss Plaintiffs' second claim.

      This motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on July 7, 2010.

1  This motion will be based upon this Notice, accompanying Memorandum of Points and Authorities, the Separate Statement of Uncontroverted Facts and Conclusions of Law, Request for Judicial Notice, Exhibits attached to Defendant's Appendix of Exhibits, and Declarations of Yvette Bass-Otis, Stuart Maislin, Truc Nguyen, Jodi Wakefield, and Lucien A. Schmit III, the records and files in this action, and on such other evidence and as may be proffered and allowed at the hearing.

Respectfully Submitted,

DATED:  August 19, 2010           ALBRIGHT, YEE & SCHMIT, LLP


/s/ Lucien A. Schmit III
Lucien A. Schmit III
Attorneys for Defendant
CITY OF LOS ANGELES